***********
On March 18, 2008, the Full Commission issued an Order requiring plaintiff to submit to an examination and evaluation by Dr. J. L. Frank regarding plaintiff's current physical condition and whether the condition is causally related to his compensable injury. Following notification that Dr. Frank had retired, the parties requested and were granted numerous extensions of time within which to complete an orthopedic evaluation and to take depositions. By additional order, the Full Commission assigned an Industrial Commission Nurse to assist the parties in the selection of another orthopedist and to coordinate plaintiff's examination and evaluation. The deposition transcripts of Dr. Sameer Mathur taken January 12, 2010 and June 15, 2010 have been submitted to the Commission and are part of the evidence of record. This matter is now ready for determination by the Full Commission.
 *********** *Page 2 
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and arguments before the Full Commission, as well as the additional evidence recently submitted by the parties. The appealing party has shown good ground to reopen the record to receive additional evidence and to reconsider the matter based upon the newly submitted evidence. Upon reconsideration of the evidence, the Full Commission AFFIRMS with some modifications the Opinion and Award of Deputy Commissioner Holmes.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
Judicial notice is taken of prior Opinion and Awards and Orders from the Industrial Commission entered in this matter.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was employed as a drywall finisher for defendant-employer when he sustained a compensable injury by accident on June 20, 1994. Former Deputy Commissioner Lawrence Shuping, in an Opinion and Award filed May 9, 1997, found the June 20, 1994 injury compensable. Subsequently, former Deputy Commissioner W. Bain Jones, Jr., issued a second Opinion and Award, which was affirmed by the Full Commission in an Opinion and Award entered by the Full Commission on October 2, 2000. On appeal the North Carolina Court of *Page 3 
Appeals in an Opinion filed February 5, 2002 affirmed in part and reversed and remanded in part the Opinion and Award of the Industrial Commission.
2. The Full Commission filed an Opinion and Award on April 2, 2002 in which plaintiff was awarded a short period of disability compensation and additional medical treatment for his compensable back injury of June 20, 1994. There was no appeal from that decision.
3. Following the 2002 Full Commission decision, plaintiff requested permission from defendants to return to Dr. J. L. Frank, which he did with defendants' approval on December 7, 2004. Defendants approved an MRI recommended by Dr. Frank, as well as a follow-up visit with Dr. Frank on January 11, 2005. Defendants also approved 20 chiropractic visits and pool therapy following the visits with Dr. Frank. Between the date of the first Full Commission Opinion and Award and the request to see Dr. Frank in 2004, plaintiff had not requested medical treatment from defendants in connection with his injury, but on his own he had seen physicians in Virginia, including Dr. Matthew T. Mayr and Dr. Ronald L. Stevens.
4. Defendants subsequently denied further chiropractic treatment based upon the recommendation of Dr. Joseph Guarino, who rendered an opinion regarding medical necessity on July 26, 2005.
5. Plaintiff requested permission to discontinue treatment with Dr. Frank and to be seen by a physician closer to his home in Virginia. Defendants denied such medical treatment based upon issues regarding causation and medical necessity.
6. With the denial of additional medical treatment, plaintiff filed a medical motion requesting additional medical treatment on July 29, 2005. That motion initially was denied by Order of Deputy Commissioner Robert Harris dated August 29, 2005. Plaintiff filed a motion for reconsideration on September 12, 2005, and the prior Order was modified with a subsequent *Page 4 
Order of October 3, 2005 allowing plaintiff to be seen by a physician of his choosing on a one-time basis. Accordingly, plaintiff was seen by Dr. E. C. Irby, Jr., on October 13, 2005.
7. Dr. Irby concluded that plaintiff's current complaints were not causally related to the injury at work.
8. Following the evaluation with Dr. Irby, plaintiff filed a second medical motion requesting medical treatment on February 3, 2006. An Order was filed by Special Deputy Commissioner Meredith Henderson on March 8, 2006, granting plaintiff's motion for additional treatment. Upon defendants' motion for reconsideration, Special Deputy Commissioner Henderson reconsidered her Order and denied plaintiff's second motion for additional treatment by Order dated May 1, 2006.
9. Plaintiff thereupon requested a hearing alleging "noncompliance" and again requesting further treatment.
10. This causation issue was addressed at the examination requested by plaintiff with Dr. Irby. Dr. Irby concluded on December 13, 2005 that plaintiff's soft tissue injury had long since resolved, and he did not make any recommendations for further treatment.
11. The evidence suggests that plaintiff may have sustained a new injury at work on or about November 18, 2004. Although Dr. Frank had noted the date of the new onset of pain as beginning on December 7, 2004, the medical report from Dr. Mayr indicates, "Since November 18, 2004, he had another incident of an injury to his back. He has had pain on a daily basis. He has been unable to work. He was working as a drywall finisher until November 18, 2004." Similarly, the report from Dr. Stevens dated February 16, 2006 states, "He eventually left that job but continued to work in the construction field until he hurt his back again in November 2004." *Page 5 
12. After the Full Commission reopened the record for the submission of new evidence, plaintiff was examined and evaluated by Dr. Sameer Mathur, a board certified orthopedic spine surgeon in Cary. Dr. Mathur was deposed on January 12, 2010 and on June 15, 2010. Dr. Mathur reviewed an MRI report from July 28, 1994, following the compensable injury by accident on June 20, 1994, and compared it with more recent lumbar MRIs starting in 2000. It was Dr. Mathur's opinion, to a reasonable degree of medical certainty, that plaintiff's current back symptoms and disc degeneration are unrelated to the initial injury. The original MRI shows disc degeneration at the T12-L1 disc level, while on the MRIs starting in 2000, the degenerative disc disease is at the L4-L5 level.
13. The Full Commission finds that defendants have shown that plaintiff's current lumbar spine condition is unrelated to his compensable injury by accident on June 20, 1994.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable injury by accident to his back on June 20, 1994. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to lifetime medical compensation for the injury he sustained as the result of his compensable injury by accident on June 20, 1994. Hyler v. GTE Products Co.,333 N.C. 258, 425 S.E.2d 698 (1993). However, because plaintiff's current back condition involves a different part of his spine and is not causally related to the compensable injury by accident, plaintiff is not entitled to further medical compensation as a result of the injury of June 20, 1994. N.C. Gen. Stat. §§ 97-2(19), 97-27(b). *Page 6 
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. No additional medical compensation is due for plaintiff's injury of June 20, 1994, and plaintiff's claim for additional medical compensation is HEREBY DENIED.
2. Each side shall bear its own costs.
This ___ day of July, 2010.
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ DANNY LEE McDONALD COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1